## BERTEAU v. O'BRIEN.

Where in consequence of the death of a child subsequently to that of the father, the surviving wife holds in common with the other children an undivided share in all the property of the father, she may, under art. 338 of Civil Code, cause the whole of it to be adjudicated to her, on complying with the requirements of that article. That article does not restrict the right to this adjudication to community property only; it makes no distinction as to the title by which property may be held in common between the surviving parent and the minor children.

APPEAL from the Court of Iberville, Dutton, J.

R. W. Nicholls, for plaintiff.

Sigur, Bonford and Labauve, for the appellant.

The judgment of the court was pronounced by

Rost, J. The plaintiff, Estelle Berteau, sues her mother, and seeks to avoid an adjudication, made to the latter by the Court of Probates under art. 338 of the Civil Code. She alleges that her father died in 1831, leaving her and three other minor children, the issue of his marriage with the defendant: That one of the children subsequently died at a date left in blank in the petition, and that the three surviving children and the defendant are his heirs, each for one fourth: That the succession of her father was composed of proper estate and community property: That, on the 16th of January, 1834, an inventory and appraisement of the property of the succession were made by order of court, and that all the property was represented therein, and appraised as belonging to the community: That, on the 22d of December of the same year, all the property contained in the inventory was adjudicated to the defendant, at the price of said appraisement, by a decree of the Probate Court, rendered on the advice of a family meeting, in conformity with the provisions of art. 338 of the Civil Code: That this adjudication, so far as it affects the proper estate of her father, is an absolute nullity. She prays for the nullity of the judgment, and for the return in kind of the proper estate of her father to his heirs. The

answer contains several peremptory exceptions, which the opinion we have <span>BERTEAU</span> formed renders it unnecessary to notice, and also a general denial. The court <span>a O'BRIEN.</span> below gave judgment in favor of the plaintiff, and the defendant appealed.

The plaintiff alleges in her petition the demise of one of her brothers, since that of her father. The time at which it took place is not shown, but the plaintiff has introduced, in support of the allegation of her petition, the inventory, the proceedings of the family meeting, which preceded the adjudication, and also the decree of adjudication. Those proceedings satisfactorily show that the minor *Dorville* was dead when they took place, and that, in consequence of his death, the defendant then held in common with her children one undivided fourth of that child's part, in all the property left by his father.

This case is not to be distinguished from that of *Harty* v. *Harty*, 8 Mart. N. S. p. 518. It is well known to those who participated in the formation of the Louisiana Code, that no change was intended to be made in the provisions of the act of 1809, under which that case was decided. The very words of the act were preserved in art. 338 of the Code. If the legislature had intended to authorize the adjudication of community property only, they would have said so; but as the rule is general, and makes no distinction with regard to the title by which an estate may be held in common by the surviving parent and his minor children, we do not consider ourselves at liberty to make any.

The case of *Reeves' Heirs* v. *Bernard*, 13 La. p. 173, is not applicable to this controversy. There the surviving parent had no interest of any kind in the proper estate which formed the subject matter of the adjudication. In this case the defendant was a joint owner of the property adjudicated, and the adjudication made to her of the whole, does not violate the dispositions of art. 338 of the Civil Code, and must therefore have effect.

For the reasons assigned, it is ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.